Payne v. United States Of America																																																												Doc. 2

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

NOV 17 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT LAWRENCE PAYNE,<br>Petitioner, | Civil Action No. 7:05-cv-00698 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Robert Lawrence Payne, a federal inmate proceeding pro se, submitted his "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) and New Supreme Court Rules" in his previously filed motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, Civil Action No. 7:96-cv-00920. Upon review of Payne's asserted grounds for relief in the Rule 60(b) motion, the court finds that his motion should be filed as a separate, civil action under § 2255 and dismissed as successive.

Paragraph 8 of § 2255 prohibits this court from considering a second or successive §2255 motion unless the petitioner produces specific certification from the United States Court of Appeals for the Fourth Circuit. A motion under Rule 60(b) to revisit a federal habeas court's denial on the merits of a claim for relief should be dismissed as a successive habeas petition so as to prevent petitioners from using such a motion to circumvent the rule against successive petitions. See Gonzales v. Crosby, 125 S. Ct. 2641, 2649 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

The court denied relief in Payne's first § 2255 action on March 4, 1998, in an opinion that addressed the merits of his claims; the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed his appeal in October 1998, and the United States Supreme Court denied his petition for a writ of certiorari in January 1999. Now Payne asks this court to revisit the merits of the habeas claims he raised in that first § 2255 motion, claiming that the court did not properly address all the arguments he raised in support of those claims. Payne's current motion makes precisely the type of argument under Rule 60(b) that must be construed and

1

Dockets.Justia.com

dismissed as a successive § 2255 motion, pursuant to Gonzales. 125 S. Ct. at 2649. The court will not allow Payne to circumvent the successive petition bar by styling his rehashed arguments as a Rule 60(b) motion in a long-closed case. For the reasons stated, the court construes Payne's Rule 60(b) motion as a successive § 2255 motion, and as Payne fails to present certification from the court of appeals allowing him to file a successive § 2255 motion, the court will summarily dismiss his motion. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 17th day of November, 2005.

*/s/ James C. Turk*
Senior United States District Judge